**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

|  |  |
|---|---|
| In re:<br><br>    JUDITH E. VAGHINI,<br><br>           Debtor | Chapter 7<br>Case No. 14-42606-HJB |

**MEMORANDUM OF DECISION**

Before the Court for determination is the "Trustee's Objection to Debtor's Claim of Homestead Exemption" (the "Objection") filed by Chapter 7 trustee David Nickless (the "Trustee"). The Trustee objects to the debtor's claimed exemption in a vacant parcel of land adjacent to property containing a residential structure formerly owned by the debtor and lost to foreclosure. For the reasons set forth herein, the Court will overrule the Trustee's Objection.

I.    FACTS AND POSITIONS OF THE PARTIES

On November 30, 2014, Judith A. Vaghini (the "Debtor") filed a petition for relief under Chapter 13 of the United States Bankruptcy Code.[1] The case has since been converted to one under Chapter 7. Prior to the commencement of the case, the Debtor owned two contiguous parcels of real property located on Lancaster Road in Clinton, Massachusetts – one lot containing the Debtor's then residence (the "Residential Lot") and a second adjoining lot containing no structure and comprising approximately 14,640 square feet (the "Vacant Lot").

---

[1] See 11 U.S.C. § 101 et seq. (the "Bankruptcy Code" or the "Code"). All references to statutory sections are to the Bankruptcy Code unless otherwise specified.

1

On January 7, 2010, the Debtor filed a declaration of homestead (the "Homestead Declaration") covering both lots, pursuant to Mass. Gen. Laws ch. 188 § 1 (the "Homestead Statute"). Each lot was encumbered by a separate mortgage. On or about April 7, 2014, the holder of the mortgage on the Residential Lot foreclosed. But as of the date of case commencement, the Debtor still retained ownership of the Vacant Lot.

The Debtor disclosed her ownership of the Vacant Lot on her Schedule A-Real Property filed with the petition. There, she stated that the "current value" of the Vacant Lot was $76,000.00, subject to a mortgage securing a remaining loan balance of $18,777.00. On Schedule C-Property Claimed as Exempt, the Debtor claimed an exemption of $57,223.00 in the Vacant Lot (the "Homestead Exemption") under the Homestead Statute.

The primary thrust of the Trustee's Objection to the Debtor's claimed Homestead Exemption is that the Debtor simply cannot claim a valid exemption under the Homestead Statute in vacant land because vacant land is not included in the Homestead Statute's definition of a "home." The Debtor counters with two arguments. First, she says, at the time the Homestead Declaration was filed, the Homestead Declaration was valid as to both the Vacant Lot and the Residential Lot, and her loss of ownership of the Residential Lot by foreclosure did not affect the validity of the Homestead Declaration vis-à-vis the Vacant Lot. Second, the Debtor asserts that she intends to use the Vacant Lot as a residential lot by building a new home there.

Although the Trustee does not dismiss the Debtor's intention as a prevarication,[2] he maintains that her intention is unreasonable because the Vacant Lot is too small for a

---

[2] The Trustee did not request an evidentiary hearing with respect to the Debtor's intentions.

2

single family structure under the Town of Clinton's bylaws.  The Debtor counters that she has begun the process of applying for a zoning variance that would allow her to construct a residence on the Vacant Lot.  Accordingly, the Debtor argues that the Homestead Declaration was valid as to the Vacant Lot under the Massachusetts Homestead Statute at the time it was recorded and remained valid at the time she commenced her bankruptcy case.

At the conclusion of the non-evidentiary hearing on the Trustee's Objection, with no factual issue in material dispute, the Court took the matter under advisement.

II.     DISCUSSION

As Judge Hillman explained in In re Roberts,

> Fed. R. Bankr. P. 4003(c) provides that "[i]n any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed."  "If the objecting party can produce evidence to rebut the exemption, the burden of production then shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper....the burden of persuasion, however, always remains with the objecting party." Carter v. Anderson (In re Carter), 182 F.3d 1027, 1029 (9th Cir.1999).

280 B.R. 540, 544-45 (Bankr. D. Mass. 2001); see also In re Marrama, 307 BR 322, 336 (Bankr. D. Mass. 2004).  Accordingly, it is the Trustee's burden to establish that either (1) the Homestead Declaration was invalid with regard to the Vacant Lot at the time it was recorded or (2) if the Homestead Declaration was valid when initially created, then it no longer remained valid at the time of the filing of the bankruptcy case.  See id. at 336 (citing In re Edwards, 281 BR 439, 446 (Bankr. D. Mass. 2002)).

Because the Debtor has elected, pursuant to § 522(b), to claim her statutory exemptions under relevant non-bankruptcy law, the validity of the Homestead Exemption

3

must be determined by reference to the Massachusetts Homestead Statute and interpretative case law. In re Gordon, 479 B.R. 9, 13 (Bankr. D. Mass. 2012); In re Gray, 378 B.R. 728, 730-731 (Bankr. D. Mass. 2007); In re Hildebrandt, 313 B.R. 535, 538 (Bankr. D. Mass. 2004). Section 3 of the Massachusetts Homestead Statute provides, in relevant part, that:

> [a]n estate of homestead to the extent of the declared homestead exemption in a home may be acquired by 1 or more owners who occupy or intend to occupy the home as a principal residence.

Mass. Gen. Laws ch. 188, § 3(a). Thus, in order to create a valid homestead exemption in a particular piece of property, the homestead declarant must *actually occupy* or *intend to occupy* the property as a principal residence. The Homestead Statute defines a "principal residence" as "*the home* where an owner…resides or intends to reside as the primary dwelling . . . ." Mass. Gen. Laws ch. 188, § 1 (emphasis supplied). The term "home" is also defined: a home includes, *inter alia*, "a single-family dwelling, including accessory structures appurtenant thereto and the land on which it is located . . . ." Id.

Any doubts as to the extent of the homestead estate must be resolved in favor of the debtor in order to comport with public policy as explicated by the Massachusetts Supreme Judicial Court (the "SJC") in Dwyer v. Cempellin:

> Homestead laws are based on a public policy which recognizes the value of securing to householders a home for the family regardless of the householder's financial condition. The preservation of the home is of paramount importance because there the family may be sheltered and preserved. Public policy dictates that exemption laws, such as homestead provisions, should be liberally construed to comport with their beneficent spirit of protecting the family home.

673 N.E.2d 863, 866, 424 Mass. 26 (1996) (internal citations omitted).

The Court turns first to the question of whether the Debtor's Homestead Declaration was valid under Massachusetts law at the time it was filed. The Homestead Statute does not limit the size of the property that may be covered by a declaration, nor does it prohibit a declarant from including separately-deeded but contiguous parcels within a homestead declaration. See In re Fiffy, 293 B.R. 550, 555 (1st Cir. BAP 2003). When separate parcels are claimed as part of one homestead exemption, the validity of the exemption with regard to the parcel that does not contain the residence turns on the question of whether, under the facts and circumstances of the particular case, the parcel is used and occupied as part of, or in connection with, the principal residence. Fiffy, 293 B.R. at 555; Edwards, 281 BR at 447.[3]

Here, the Trustee has argued that the Vacant Lot is neither a residence nor property on which the Debtor may construct a residence due to a conflict with the town's zoning bylaws. But that argument is not a successful challenge to the validity of the Homestead Declaration *as originally created* (i.e. the determinative time period). The Trustee's objection makes no reference whatsoever to the validity of the exemption in the Vacant Lot when first declared. Since the burden of production rested on the Trustee

---

[3] A recent decision of the Bankruptcy Appellate Panel for the First Circuit, Nealon v. Matthews (In re Nealon), 2016 WL 312409 (1st Cir. BAP 2016), appears to beg the question of whether a debtor's simple occupation of vacant land contiguous to a residential lot is enough to qualify the vacant land as exempt under the Homestead Statute, or, whether the validity of the exemption depends on whether such occupation is coupled with the *actual intention* to make or use the contiguous parcel as part of a debtor's home as of the date of case commencement (in the absence of which intention, the exemption would be deemed abandoned). Said otherwise, it is unclear whether Nealon means that, for purposes of the Homestead Statute, simple occupation of such a vacant lot is evidence of the debtor's intention or a substitute for that intention. However, this Court need not determine here whether to distinguish or, if necessary, disagree with Nealon, since the Debtor's intention here was not challenged.

from the outset and he has not argued that the Homestead Declaration was invalid when originally recorded under Massachusetts law, he has failed to meet that burden.

The crux of the Trustee's argument, however, is that even if the Homestead Declaration was valid when created, it was no longer valid on the date of the commencement of the bankruptcy case. He maintains that, on the date of case commencement, the Debtor no longer owned the associated Residential Lot and the Debtor's intention to build a home on and occupy the Vacant Lot as her actual principal residence was not possible because the Debtor had not yet received a zoning variance. While the Trustee's argument has a logical ring (i.e., that any exemption in the Vacant Lot ceased to exist once the Residential Lot no longer belonged to the Debtor), the language of the Homestead Statute does not support his argument. Under the Homestead Statute, once a homestead is validly created, it can be terminated in five enumerated ways.

Mass. Gen. Law ch. 188, § 10 provides, in relevant part:

(a) An estate of homestead created under section 3 or 4 may be terminated by any of the following methods:

    (1) A deed to a non-family member conveying the home, signed by the owner and a non-owner spouse or former spouse residing in the home as a principal residence as of the date of the deed;

    (2) A recorded release of the estate of homestead, duly signed and acknowledged by the owner and a non-owner spouse or former spouse residing in the home as a principal residence as of the date of the release;

    (3) The abandonment of the home as the principal residence by the owner….;

    (4) In the case of a home the title to which is held in trust, by either: (i) the execution of a deed or a release of homestead by the trustee; or (ii) action of a beneficial owner identified in the declaration…taken in the same manner as provided in clauses (2) and (3); or

6

> (5) The subsequent recorded declaration of an estate of homestead under section 3 on other property, except that such declaration shall terminate only the rights of the owner making such subsequent declaration and the rights of that owner's spouse and minor children who reside or intend to reside in the other property as their principal residence.

This Court can find no legal authority that would mandate the conclusion that the exemption in the Vacant Lot was terminated merely because the Residential Lot was foreclosed upon. Nor can the Trustee prevail on an argument that the homestead estate was terminated by abandonment under § 10(a)(3) of the Homestead Statute, because he has not disputed that the Debtor has at all times since the foreclosure of the Residential Lot made efforts to secure a zoning variance from the Town of Clinton in order to build on the Vacant Lot as her principal residence.

In sum, the Court has found no reason to determine the original Homestead Declaration to be invalid and no basis to conclude that the otherwise validly-created Homestead Exemption was terminated. Mindful of the SJC's admonition that homestead exemptions must be liberally construed in favor of protecting the family home, the Court is compelled, based on the particular circumstances present here, to overrule the Trustee's Objection.

III. CONCLUSION

For all of the foregoing reasons, the Court will overrule the Trustee's Objection to the Debtor's claimed Homestead Exemption. An order in conformity with this Memorandum shall issue forthwith.

Dated: April 14, 2016

_____
Henry J. Boroff
United States Bankruptcy Judge

7